# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**CARLOS LAJUAN CATHEY, #16609-075**                             **PLAINTIFF**

**v.**                                     **CIVIL NO. 3:16-cv-852-HSO-JCG**

**NORMA NATAL, ET AL.**                                             **DEFENDANTS**

## REPORT AND RECOMMENDATION

BEFORE THE COURT is the Motion for Summary Judgment (ECF No. 42) filed by Defendants Norma Natal and Unknown Pennington. The motion is fully briefed. Plaintiff filed a Response in Opposition (ECF No. 47), and Defendants filed a Reply (ECF No. 49). Having considered the submissions of the parties, the record as a whole, and relevant law, the undersigned recommends that Defendants' Motion for Summary Judgment (ECF No. 42) be GRANTED. The undersigned further recommends that Plaintiff's claims against unserved Defendants Sharon Bayman, E. Burkhalter, Retired Counselor B. Smith, and Unknown Fernanders be dismissed without prejudice for failure to exhaust available administrative remedies before filing suit.

## I. BACKGROUND

Plaintiff Carlos Lajuan Cathey is a prisoner in the custody of the Federal Bureau of Prisons ("BOP" or "Bureau") housed at the Federal Correctional Complex in Yazoo City, Mississippi ("FCC Yazoo"). He filed his initial Complaint on October 31, 2016. Proceeding *pro se* and *in forma pauperis*, he seeks monetary damages for the alleged violation of his constitutional rights pursuant to 42 U.S.C. § 1983.

Complaint (ECF No. 1); Memorandum in Support (ECF No. 3). He filed an Amended Complaint (ECF No. 10) on March 23, 2017, which added causes of action pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2401, 2671-80. He has been granted leave to supplement his Amended Complaint through various additional filings.[1] *See* Order (ECF No. 14); Order (ECF No. 51), Order (ECF No. 54). Subsequent to District Judge Ozerden's dismissal of Plaintiff's claims against the Federal Bureau of Prisons and his claims pursuant to 42 U.S.C. § 1983, *see* Order (ECF No. 13), Plaintiff's claims pursuant to *Bivens* and the FTCA persist against Defendants Normal Natal, Sharon Bayman, E. Burkhalter, Retired Counselor B. Smith, Unknown Pennington, Unknown Fernanders, and the United States of America.

Plaintiff claims that another inmate hit him in the head with a lock in October of 2014 while Plaintiff was watching television in his unit at FCC Yazoo. (ECF No. 10, at 1-2). He says that he spent a month in "SHU" and, when released, "complained to medical about floaters in [his] eye and blurriness in [his] vision." *Id.* at 2. He states that Defendants Natal, Bayman, Burkhalter, Pennington, and Fernanders provided constitutionally deficient medical care related to his "head injury[,] and the delay caused permanent blindness." *Id.* at 3. He says the delay in

---

1 He has also been denied leave to amend on three occasions because the substance of his proposed amended allegations was the same as his previous filings. *See* Order (ECF No. 22); Order (ECF No. 54).

2

care allowed for a pituitary tumor in his head to continue increase in size and cause his blindness. *Id.* He also alleges that Defendant Smith violated his constitutional rights by "failing to allow Plaintiff to process [his grievance] through the Administrative remedy process." *Id.* at 11.

On August 10, 2017, Defendants Natal and Pennington filed the instant Motion for Summary Judgment (ECF No. 42), which argues that Plaintiff's *Bivens* claims should be dismissed because Plaintiff failed to exhaust administrative remedies before he filed suit. Defendants Bayman, Burkhalter, Smith, and Fernanders have not entered appearances because they have yet to be properly served with process. Plaintiff failed to timely provide the Court with addresses at which these Defendants could be served, even after an extension of time to do so. *See* Order (ECF No. 51), Text Order Aug. 9, 2017.

## II. <u>DISCUSSION</u>

A. <u>Legal Standards</u>

   a. <u>Summary Judgment Standard</u>

Federal Rule of Civil Procedure 56(a) provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S.

3

574, 586 (1986). "[T]he nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

"A genuine dispute of material fact means that 'evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Royal v. CCC & R Tres Arboles, L.L.C.*, 736 F.3d 396, 400 (5th Cir. 2013) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). If the evidence presented by the nonmovant "'is merely colorable, or is not significantly probative,' summary judgment is appropriate." *Cutting Underwater Techs. USA, Inc. v. ENI U.S. Operating Co.*, 671 F.3d 512, 516 (5th Cir. 2012) (quoting *Anderson*, 477 U.S. at 249). In deciding whether summary judgment is appropriate, the Court views the evidence and inferences in the light most favorable to the nonmoving party. *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010).

b. <u>The Prison Litigation Reform Act</u>

Because Plaintiff is a prisoner pursuing a civil action seeking redress from government employees, the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321, H.R. 3019 (codified as amended in scattered titles and sections of the U.S.C.), applies and requires that this case be screened.

The PLRA provides that "the Court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a

4

defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see* 28 U.S.C. § 1915(e)(2)(B). Thus, the statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

B. <u>The PLRA's Exhaustion Requirement</u>

A centerpiece of the PLRA's effort to "reduce the quantity and improve the quality of prisoner suits" is an "invigorated" exhaustion provision. *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). The PLRA provides:

> No action shall be brought with respect to prison conditions under [42 U.S.C.§ 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

"Exhaustion is no longer left to the discretion of the district court, but is mandatory." *Woodford v. Ngo*, 548 U.S. 81, 84 (2006). "The PLRA attempts to eliminate unwarranted federal-court interference with the administration of prisons, and thus seeks to 'affor[d] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.'" *Id.* at 93 (quoting *Porter*, 534 U.S. at 525). Proper exhaustion is required. A prisoner cannot satisfy the exhaustion requirement "by filing an untimely or otherwise

5

procedurally defective administrative grievance or appeal." *Id.* at 83-84. And the grievance process must be exhausted "pre-filing." *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012).

Exhaustion "is a threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time." *Dillon v. Rogers*, 596 F.3d 260, 272 (5th Cir. 2010). "[J]udges may resolve factual disputes concerning exhaustion without the participation of a jury." *Id.*

C. <u>Plaintiff Did Not Exhaust Available Administrative Remedies as to his *Bivens* Claims Before Filing Suit</u>

Defendants Natal and Pennington have submitted the declaration of Alvin Fortenberry (ECF No. 42-1), the Deputy Case Management Coordinator at FCC Yazoo's Medium-Security Institution, in support of their Motion for Summary Judgment. Mr. Fortenberry states that he is "responsible for processing the administrative remedy requests that inmates file at the institutional level," and therefore "ha[s] access to and knowledge of the computer-record system known as SENTRY, which contains electronic records for tracking inmates in the federal system, including their Administrative Remedy Program usage." (ECF No. 42-1, at 1). He affirms that "[t]hese records are maintained by the Bureau in the ordinary course of business." *Id.*

The Bureau's administrative remedy process is outlined at 28 C.F.R. § 542.10-.19. First, a prisoner must submit a request for informal resolution of his claim. 28 C.F.R. § 542.13. Second, if informal resolution is unsuccessful, the

prisoner must then submit a formal written Administrative Remedy Request directly to the prison warden within twenty (20) days of the incident giving rise to the grievance. *Id.* § 542.14. Third, the prisoner may appeal an unsatisfactory decision from the warden to the appropriate regional director within twenty (20) days of the warden's response. *Id.* § 542.15. Fourth, and finally, the prisoner may appeal an unsatisfactory decision by the regional director to the Bureau's Central Office within thirty (30) days of the regional director's response. *Id.* Only after timely appeal to the Central Office has a prisoner exhausted his or her administrative remedies with the BOP. *See id.* These time limits may be extended "when the inmate demonstrates a valid reason for delay," which generally must be circumstances beyond the inmate's control that can be verified by prison staff. *Id.* § 542.14.

The undisputed record before the Court demonstrates that Plaintiff failed to exhaust the Bureau's administrative remedy program before filing the instant suit. Mr. Fortenberry explains, in his declaration, that he "conducted a search of the Bureau's SENTRY Administrative Remedies system for all administrative remedies filed by inmate Carlos Cathey, Federal Register Number 16609-075," and that his "search found that Cathey has initiated, but not completed, five (5) remedy series with the Federal Bureau of Prisons." (ECF No. 42-1, at 3).

"The only two remedy requests Cathey filed before he filed his initial Complaint on October 31, 2016, are Remedy ID 877490-F1 and Remedy ID 879965-

7

R1." *Id.* The grievance associated with Remedy ID 877490-F1 was filed on September 29, 2016 at the facility level and was responded to; however, Plaintiff did not timely appeal this response to the regional director or the Central Office. *Id.* at 3, 7. He filed two subsequent appeals in this remedy series on November 22, 2016 and December 20, 2016, which were both rejected as untimely. *Id.* at 4, 8. The remedy request associated with Remedy ID 879965-R1 was filed on October 19, 2016 and rejected the next day because Plaintiff filed this grievance with the regional office without first filing a facility-level grievance. *Id.* at 4, 7. Plaintiff's three other remedy series were begun on May 30, 2017, June 16, 2017, and June 30, 2017, respectively. *Id.* at 4, 9-10.

Plaintiff has not submitted conflicting evidence, but he maintains in his Amended Complaint that Defendant Smith "failed to allow Plaintiff to process through the Administrative remedy process[] a BP-8," which is the initial request for informal resolution of a claim. (ECF No. 10, at 11). He asserts (all sic in original),

> Plaintiff informed Counsel Smith that he was filing a civil suit and she told him that he should not do it and Plaintiff stated the cause him to go blind and would not drop it. So Ms. Smith willfully disregarded the policy and First Amendment rights of Plaintiff and didn't process the request. When Plaintiff asked her about it before she retired[,] Counsel Smith stated that she processed the complaints, but she falsified and committed perjury because Case Manager Cotetron found the BP-8 in her drawer unprocessed and unredressed."

*Id.* Plaintiff argues that, by not processing the BP-8 form, Defendant Smith "made

the administrative review process unavailable." *Id.* at 12. In his Response in Opposition to Defendants' Motion for Summary Judgment, Plaintiff similarly argues that "it is not clear from the record that Plaintiff did not attempt to exhaust remedies after prison officials failed to file his original BP-8." (ECF No. 47, at 1).

Contrary to Plaintiff's assertions, the record reflects that the administrative remedy process was indeed available to him. He initiated five separate remedy series with the Bureau, one of which was responded to at the facility level before Plaintiff even filed this lawsuit. *See* (ECF No. 42-1, at 3, 7, 11). Despite having this access to the administrative remedy process, Plaintiff failed to exhaust his administrative remedies before filing suit. *Cf. Putnam v. Traylor*, 633 F. App'x 600, 601 (5th Cir. 2016) (finding that a prisoner plaintiff's assertion that administrative remedies were made unavailable to him was belied by evidence that he used grievance forms during the period of time in question to complain about other unrelated issues).

The Fifth Circuit's strict approach to the exhaustion requirement makes clear that "pre-filing exhaustion of prison grievance processes is mandatory." *Gonzalez*, 702 F.3d at 788. "District courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing their complaint." *Id.* Accordingly, the Motion for Summary Judgment (ECF No. 42) filed by Defendants Natal and Pennington should be granted, and Plaintiff's *Bivens* claims against Natal and Pennington should be dismissed without prejudice because Plaintiff

9

failed to exhaust his administrative remedies before filing suit. Given this conclusion, Plaintiff's other *Bivens* claims against Defendants Bayman, Burkhalter, Smith, and Fernanders should also be dismissed without prejudice for the same reason. Plaintiff maintains no *Bivens* claim against the United States of America because such claims are only properly asserted against individuals, not entities or agencies. *F. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 486 (1994).

However, the United States of America is the only proper defendants for a claim pursuant to the FTCA. *See Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988) ("[An] FTCA claim against a federal agency or employee as opposed to the United States itself must be dismissed for want of jurisdiction."). Because the exhaustion requirements for FTCA claims and *Bivens* claims are "separate and distinct," Plaintiff's failure to exhaust his *Bivens* claims does not foreclose the possibility that he exhausted his FTCA claims prior to filing suit. *Lambert v. United States*, 198 F. App'x 835, 840 (11th Cir. 2006); *see also Macies v. Zenk*, 495 F.3d 37, 44 (2d Cir. 2007); *Brown v. United States*, No. 5:11-cv-63-DCB-RHW, 2012 WL 7655323, at *2 (S.D. Miss. Dec. 19, 2012), *report and recommendation adopted sub nom. Brown v. Fed. Bureau of Prisons*, No. 5:11-cv-63-DCB-RHW, 2013 WL 797443 (S.D. Miss. Mar. 4, 2013).

## III. RECOMMENDATION

Based on the foregoing, the undersigned recommends that the Motion for Summary Judgment (ECF No. 42) filed by Defendants Natal and Pennington be

GRANTED, and Plaintiff's *Bivens* claims against Natal and Pennington be dismissed without prejudice because Plaintiff failed to exhaust his administrative remedies before filing suit. Furthermore, the undersigned recommends that Plaintiff's *Bivens* claims against Defendants Bayman, Burkhalter, Smith, and Fernanders also be dismissed without prejudice for Plaintiff's failure to exhaust administrative remedies. Defendants Natal, Pennington, Bayman, Burkhalter, Smith, and Fernanders should therefore be dismissed as defendants because Plaintiff's remaining claims, which are pursuant to the FTCA, may only be properly asserted against the United States of America.

## IV. NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U. Civ. R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations shall be barred, except upon grounds of plain error, from attacking on appeal any proposed

factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Assoc.,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

The Clerk of Court is directed to mail this Report and Recommendation to Plaintiff via USPS certified mail.

**SIGNED,** this the 8th day of December, 2017.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE