IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | | |
|---|---|---|
| CARLOS LAJUAN CATHEY, #16609-075 | § § § § | PLAINTIFF |
| v. | § § § | Civil No. 3:16cv852-HSO-JCG |
| NORMA NATAL, *et al.* | § | DEFENDANTS |

**ORDER ADOPTING MAGISTRATE JUDGE'S [55] REPORT
AND RECOMMENDATION; GRANTING DEFENDANTS NORMA NATAL
AND UNKNOWN PENNINGTON'S [42] MOTION FOR SUMMARY
JUDGMENT; AND DISMISSING PLAINTIFF'S CLAIMS
AGAINST ALL INDIVIDUAL DEFENDANTS FOR FAILURE
TO EXHAUST ADMINISTRATIVE REMEDIES**

This matter comes before the Court on the Report and Recommendation [55] of United States Magistrate Judge John C. Gargiulo, entered in this case on December 8, 2017, and the Motion for Summary Judgment [42] filed by Defendants Norma Natal and Unknown Pennington[1] on August 10, 2017. Based upon the Magistrate Judge's review of the pleadings and relevant legal authority, he recommended that the Motion for Summary Judgment [42] be granted and that Plaintiff's claims against all individual Defendants be dismissed without prejudice pursuant to 42 U.S.C. § 1997e(a) for failure to exhaust administrative remedies. R. & R. [55] at 10-11.

---

[1] In the Motion for Summary Judgment [42], Unknown Pennington is identified as Angela Pennington. Mot. [42] at 1. Pennington's first name has not been updated on the docket.

1

For the reasons that follow, the Court finds that the Report and Recommendation [55] should adopted in its entirety as the finding of this Court, that the Motion for Summary Judgment [42] should be granted, and that Plaintiff's claims against all individual Defendants should be dismissed without prejudice for failure to exhaust administrative remedies. Plaintiff's claims against the United States of America under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346 and 2671, *et seq.*, will proceed.

I. BACKGROUND

A. Factual Background

Plaintiff Carlos Lajuan Cathey ("Plaintiff") claims that in October 2014, while he was incarcerated at the Federal Correctional Institution in Yazoo City, Mississippi, he was struck with a lock while watching television in his unit. Am. Compl. [10] at 1-2. A month later, Plaintiff was released from the "SHU," but he maintains that he continued to complain to medical personnel about headaches and floaters and blurriness in his vision. *Id.* at 2. Plaintiff contends that medical staff did not send him to a specialist until March 2016, and at that time, the specialist informed Plaintiff that he had a tumor and blindness from a delay in treatment. *Id.* Plaintiff alleges that the medical staff was deliberately indifferent to his head injury and that this delay in treatment caused him permanent blindness. *Id.*

In his Complaint, Plaintiff states that he had not completed the grievance procedure related to these claims. Compl. [1] at 2. Plaintiff maintains that "[t]he counselor failed to turn in my BP-8 to start the remedy process but it is pending."

*Id.* at 3.[2]

B.   Procedural History

Plaintiff filed a pro se Complaint [1] pursuant to 42 U.S.C. § 1983 in this Court on October 31, 2016, seeking monetary damages from Defendants Norma Natal, Bureau of Prisons, the United States of America, Unknown Pendleton, Sharon Baymon, E. Burkhalter, and Retired Counselor B. Smith. Compl. [1] at 1-6. Plaintiff is proceeding *in forma pauperis*.

On March 23, 2017, Plaintiff filed an Amended Complaint [10], naming as Defendants the United States of America, Norma Natal, Unknown Pennington, Unknown Fernanders, Sharon Baymon, E. Burkhalter, Counselor B. Smith, and the Bureau of Prisons ("BOP"). In addition to 42 U.S.C. § 1983 claims, the Amended Complaint [10] advances claims pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), and the FTCA. Am. Compl. [10] at 1-14.

On May 4, 2017, the Court dismissed Defendant BOP and Plaintiff's claims under 42 U.S.C. § 1983. *See* Order [13] at 3. Plaintiff's *Bivens* claims against individual Defendants Norma Natal, Unknown Pennington, Sharon Baymon, E. Burkhalter, Counselor B. Smith, and FTCA claims against the United States of America remain.

On August 10, 2017, Defendants Norma Natal and Unknown Pennington filed a Motion for Summary Judgment [55] based upon failure to exhaust

---

[2] The BP-8 form is the first step of the BOP grievance procedure, which is informal resolution of the issue with prison staff. *See Butts v. Martin*, 877 F.3d 571, 582 (5th Cir. 2017).

administrative remedies. Defendants presented evidence that administrative remedies were available to Plaintiff, yet he failed to exhaust them prior to filing the present case. Plaintiff filed a Response [47] in opposition to the Motion, and Defendants filed a Rebuttal [49].

On December 8, 2017, the Magistrate Judge entered his Report and Recommendation [55], recommending that Defendants' Motion for Summary Judgment [55] be granted and that Plaintiff's claims against all individual Defendants be dismissed without prejudice pursuant to 42 U.S.C. § 1997e(a) for failure to exhaust administrative remedies. R. & R. [55] at 10-11. The Report and Recommendation [55] was mailed to Plaintiff on December 8, 2017, via certified mail return receipt requested, and was received [56] on December 13, 2017.

Any objection to the Magistrate Judge's Report and Recommendation [55] was due within fourteen (14) days of service. L.U. Civ. R. 72(a)(3). To date, Plaintiff has not filed any objection to the Magistrate Judge's Report and Recommendation [55], and the time to do so has passed.

## II. DISCUSSION

Where no party has objected to the Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review of it. 28 U.S.C. § 636(b)(1) ("a judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made"). In such cases, the Court applies the "clearly erroneous, abuse of discretion and contrary to law" standard of review. *United States v. Wilson*, 864

4

F.2d 1219, 1221 (5th Cir. 1989).

Having conducted the required review, the Court concludes that the Magistrate Judge's findings are not clearly erroneous, nor are they an abuse of discretion or contrary to law. The Court will adopt the Magistrate Judge's Report and Recommendation [55] as the opinion of this Court, will grant the Motion for Summary Judgment [42], and will dismiss Plaintiff's claims against all individual Defendants for Plaintiff's failure to exhaust available administrative remedies.[3] Plaintiff's remaining claim against the United States under the FTCA will proceed.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Report and Recommendation [55] of United States Magistrate Judge John C. Gargiulo, entered in this case on December 8, 2017, is **ADOPTED** in its entirety as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Motion for Summary Judgment [42] filed by Defendants Norma Natal and Unknown Pennington on August 10, 2017, is **GRANTED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiff's claims against Defendants Norma Natal, Unknown Pennington, Unknown Fernanders, Sharon Baymon, E. Burkhalter, and Counselor B. Smith are **DISMISSED**

---

[3] The Court could also dismiss unserved Defendants Unknown Fernanders, Sharon Bayman, E. Burkhalter, and B. Smith pursuant to Federal Rule of Civil Procedure 4(m). Plaintiff received an extension of time until September 29, 2017, to serve any unserved parties, *see* Aug. 9, 2017, Text Order, but it does not appear from the record that he has done so.

5

**WITHOUT PREJUDICE** for Plaintiff's failure to exhaust available administrative remedies.

**SO ORDERED AND ADJUDGED**, this the 8th day of January, 2018.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE