IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**CARLOS LAJUAN CATHEY**                                           **PLAINTIFF**

**v.**                                 **CIVIL ACTION NO. 3:16-CV-852-HSO-JCG**

**NORMA NATAL, et al.**                                         **DEFENDANTS**

## REPORT AND RECOMMENDATION

BEFORE THE COURT is the Motion to Dismiss for Lack of Subject Matter Jurisdiction (ECF No. 70) filed by the United States of America, the only remaining Defendant in this action. Defendant alleges that Plaintiff Carlos Lajuan Cathey filed this lawsuit prematurely, as he failed to exhaust his claim against the United States under the Federal Tort Claims Act (FTCA). Having considered the submissions of the parties, the record, and relevant legal authority, the Undersigned United States Magistrate Judge recommends that the Defendant's Motion to Dismiss (ECF No. 70) be granted.

## I. BACKGROUND

At the time he filed suit, Cathey was a prisoner in the custody of the Federal Bureau of Prisons ("BOP") housed at the Federal Correctional Complex in Yazoo City, Mississippi. He filed his initial Complaint (ECF No. 1) on October 31, 2016, alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. He then filed an Amended Complaint (ECF No. 10) on March 23, 2017, adding claims pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) and the FTCA. Plaintiff alleges that another inmate hit him in

1

the head with a lock in October 2014. After being released from "SHU," he complained about "floaters in [his] eye" and blurry vision. However, he contends that the individual defendants refused to timely provide adequate medical treatment and that the delay resulted in a tumor and blindness (ECF No. 10).

Cathey's § 1983 and *Bivens* claims have since been dismissed (ECF Nos. 13 & 57). Therefore, his only remaining claim is his FTCA claim against the United States. Defendant filed the present Motion (ECF No. 70) on April 19, 2018. It alleges that Cathey filed an administrative claim under the FTCA on August 18, 2016, but before the BOP could adjudicate his claim, Cathey filed the instant lawsuit (ECF No. 71). It alleges that because Cathey did not allow the agency to adjudicate his administrative claim, he did not properly exhaust his administrative remedies under the FTCA; as a result, this Court lacks jurisdiction. In response,[1] Plaintiff argues that he did exhaust or, in the alternative, his claim could not be resolved at the administrative level; therefore, exhaustion was excused (ECF No. 74). However, his response focuses only on the internal prison grievance procedure. In reply (ECF No. 75), Defendant argues that exhaustion under a prison's administrative remedy program does not constitute exhaustion under the FTCA.

## II. DISCUSSION

The FTCA waives the federal government's sovereign immunity with regard to suits in tort stemming from the conduct of a federal employee acting within the

---

[1] Cathey filed his first response (ECF No. 74) on April 23, 2018. However, he filed a second response (ECF No. 77) on June 4, 2018. The second response is out of time, but the two responses contain similar arguments.

scope of employment. *See* 28 U.S.C. § 1346. "The FTCA allows suits against the United States for personal injury or death caused by a government employee's negligence 'under circumstances in which a private person would be liable under the law of the state in which the negligent act or omission occurred.'" *Sanders v. United States,* 736 F.3d 430, 435 (5th Cir. 2013) (quoting *Hannah v. United States,* 523 F.3d 597, 601 (5th Cir. 2008)); *see also* 28 U.S.C. §§ 1346(b)(1) & 2674.

"The question of whether the United States has waived sovereign immunity pursuant to the FTCA goes to the court's subject-matter jurisdiction and may therefore be resolved on a Rule 12(b)(1) motion to dismiss." *Willoughby v. United States*, 730 F.3d 476, 479 (5th Cir. 2013) (internal citations omitted). A court may find a lack of subject matter jurisdiction based on "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)). The party asserting jurisdiction bears the burden of proof. *Id.* (citing *McDaniel v. United States*, 899 F. Supp. 305, 307 (E.D. Tex. 1995)).

The FTCA provides that:

> [a]n action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in

> writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a). Cathey completed a Standard Form 95 in accordance with 28 C.F.R. § 14.2(a) on August 18, 2016. It was marked received on August 30, 2016. Cathey sought $50,000 for the tumor and blindness that resulted from being hit with a lock and the delay in medical treatment (ECF No. 70-2).

On September 16, 2016, Lisa M. Sunderman, Regional Counsel with the U.S. Department of Justice, sent Cathey a letter stating his administrative tort claim was accepted for filing on August 30, 2016. Cathey was informed that the Government had six months from the acceptance date to make a final decision (ECF No. 70-3). Cathey's administrative tort claim was denied on February 28, 2017 (ECF No. 70-4). He has offered no evidence to contradict this timeline, yet his present suit was filed on October 31, 2016, before his administrative claim was exhausted. Because the exhaustion requirement is a "prerequisite to suit under the FTCA," Cathey's failure to comply with this requirement must result in dismissal. *Life Partners, Inc. v. United States*, 650 F.3d 1026, 1030 (5th Cir. 2011) (citing *McAfee v. 5th Circuit Judges*, 884 F.2d 221, 222-23 (5th Cir. 1989)).

Further, Cathey's argument that he exhausted his administrative remedies within the prison or was precluded from exhausting them will not prevent dismissal, as "there are separate procedures" for exhausting claims under the FTCA and claims under *Bivens*. *Martinez v. United States*, Civil Action No. 3:14-cv-810-

4

CWR-FKB, 2016 WL 5301184, at *6 (S.D. Miss. Aug. 22, 2016) (quoting *Lambert v. United States*, 198 Fed. App'x 836, 840 (11th Cir. 2006)). Additionally, neither the fact that his administrative claim has since been denied nor the fact that he amended his Complaint after its denial will establish jurisdiction. First, the court must have jurisdiction "at the time of filing" and "even if the administrative claim has become exhausted since the time of filing the complaint, the district court should nonetheless dismiss the claim." *Wright v. United States*, Civil Action No. 3:12-cv-514-TSL-JMR, 2013 WL 12321422, at *3, note 5 (S.D. Miss. Sept. 10, 2013) (quoting *Hinojosa v. United States Bureau of Prisons*, 506 Fed. App'x 280, 282 (5th Cir. 2013)).

Finally, under Rule 15 of the Federal Rules of Civil Procedure, "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out . . . in the original pleading . . . ." Fed. R. Civ. P. 15(c)(1)(B). Because Cathey's factual allegations have not changed, and his FTCA claim arose out of the same conduct as his original claims, his Amended Complaint (ECF No. 10) relates back to October 31, 2016. *Reynolds v. United States*, 748 F.2d 291, 293 (5th Cir. 1984). Therefore, Cathey prematurely filed his FTCA claim, and this Court lacks jurisdiction.

### III. RECOMMENDATION

Based on the above analysis, the undersigned recommends that the Defendant's Motion to Dismiss (ECF No. 70) be granted.

## IV. NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U. Civ. R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED**, this the 31st day of January, 2019.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE