IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| CARLOS LAJUAN CATHEY, #16609-075 | § § § § | PLAINTIFF |
|---|---|---|
| v. | § § | Civil No. 3:16cv852-HSO-JCG |
| NORMA NATAL, *et al.* | § § § | DEFENDANTS |

**ORDER ADOPTING MAGISTRATE JUDGE'S [83] REPORT
AND RECOMMENDATION; GRANTING DEFENDANT UNITED STATES
OF AMERICA'S [70] MOTION TO DISMISS FOR LACK
OF SUBJECT MATTER JURISDICTION; AND DISMISSING
PLAINTIFF'S REMAINING CLAIMS WITHOUT PREJUDICE**

This matter comes before the Court on the Report and Recommendation [83] of United States Magistrate Judge John C. Gargiulo, entered in this case on January 31, 2019, and the Motion to Dismiss for Lack of Subject Matter Jurisdiction [70] filed by Defendant United States of America on April 19, 2018. Based upon the Magistrate Judge's review of the pleadings and relevant legal authority, he recommended that the Motion to Dismiss [70] be granted and that Plaintiff's remaining claims against Defendant United States of America be dismissed without prejudice for lack of subject-matter jurisdiction. R. & R. [83] at 5.

For the reasons that follow, the Court finds that the Report and Recommendation [83] should adopted in its entirety as the finding of this Court, that the Motion to Dismiss [70] should be granted, and that Plaintiff's remaining

claims against Defendant United States of America should be dismissed without prejudice for lack of subject-matter jurisdiction.

## I. BACKGROUND

### A. Factual Background

Plaintiff Carlos Lajuan Cathey ("Plaintiff") claims that in October 2014, while he was incarcerated at the Federal Correctional Institution in Yazoo City, Mississippi, another inmate struck him with a lock while he was watching television. Am. Compl. [10] at 1-2. A month later, Plaintiff was released from the "SHU," but he continued to complain to medical personnel about headaches and "floaters in [his] eye and blurriness in [his] vision." *Id.* at 2. Plaintiff contends that medical staff did not send him to a specialist until March 2016, when the specialist informed him that he had a tumor and blindness from a delay in treatment. *Id.* Plaintiff alleges that the medical staff was deliberately indifferent to his head injury and that this delay in treatment caused him permanent blindness. *Id.*

### B. Procedural History

Plaintiff filed a pro se Complaint [1] pursuant to 42 U.S.C. § 1983 in this Court on October 31, 2016, seeking monetary damages from Defendants Norma Natal, Bureau of Prisons, the United States of America, Unknown Pendleton, Sharon Baymon, E. Burkhalter, and Retired Counselor B. Smith. Compl. [1] at 1-6. Plaintiff is proceeding *in forma pauperis*.

On March 23, 2017, Plaintiff filed an Amended Complaint [10], naming as

Defendants the United States of America, Norma Natal, Unknown Pennington, Unknown Fernanders, Sharon Baymon, E. Burkhalter, Counselor B. Smith, and the Bureau of Prisons ("BOP"). In addition to claims under 42 U.S.C. § 1983, the Amended Complaint [10] advanced claims pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671–2680. Am. Compl. [10] at 1-14.

On May 4, 2017, the Court dismissed BOP as a Defendant and dismissed all of Plaintiff's claims under 42 U.S.C. § 1983. *See* Order [13] at 3. On January 8, 2018, the Court dismissed Plaintiff's *Bivens* claims against the individual Defendants Norma Natal, Unknown Pennington, Unknown Fernanders, Sharon Baymon, E. Burkhalter, and Counselor B. Smith. *See* Order [57] at 5-6. Only Plaintiff's FTCA claims against the United States of America remain.

On April 19, 2018, the Government filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction [70] based upon Plaintiff's failure to exhaust administrative remedies. The Government presented evidence that administrative remedies were available to Plaintiff, yet he failed to exhaust them prior to filing the present case. Plaintiff filed a Response [74] in opposition to the Motion, and the Government filed a Rebuttal [75].

The Magistrate Judge entered his Report and Recommendation [83] on January 31, 2019, recommending that the Government's Motion to Dismiss [70] be granted and that Plaintiff's remaining claims be dismissed without prejudice for lack of subject-matter jurisdiction. R. & R. [83] at 5. The Report and

3

Recommendation [83] was mailed to Plaintiff on January 31, 2019. Any objection to the Magistrate Judge's Report and Recommendation [83] was due within fourteen (14) days of service, or by February 14, 2019. *See* L.U. Civ. R. 72(a)(3). To date, Plaintiff has not filed any objection to the Report and Recommendation [83], and the time for doing so has passed.

## II. DISCUSSION

Where no party has objected to a magistrate judge's report and recommendation, a court need not conduct a de novo review of it. 28 U.S.C. § 636(b)(1) ("a judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made"). In such cases, a court applies the "clearly erroneous, abuse of discretion and contrary to law" standard of review. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

Having conducted the required review, the Court concludes that the Magistrate Judge's findings are not clearly erroneous, nor are they an abuse of discretion or contrary to law. The Court will adopt the Magistrate Judge's Report and Recommendation [83] as the opinion of the Court, will grant the Government's Motion to Dismiss [70], and will dismiss Plaintiff's remaining claims against Defendant United States of America without prejudice for lack of subject-matter jurisdiction.

Even under a de novo review, the result would not change. Plaintiff did not exhaust his available administrative remedies under the FTCA before instituting

4

these judicial proceedings, and his FTCA claim is therefore premature. *See* 28 U.S.C. § 2675(a). A premature claim "cannot become timely by the passage of time after the complaint is filed." *Price v. United States*, 69 F.3d 46, 54 (5th Cir. 1995). The Court lacks subject-matter jurisdiction over Plaintiff's FTCA claim. *See id.*

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Report and Recommendation [83] of United States Magistrate Judge John C. Gargiulo, entered in this case on January 31, 2019, is **ADOPTED** in its entirety as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Motion to Dismiss for Lack of Subject Matter Jurisdiction [70] filed by Defendant United States of America on April 19, 2018, is **GRANTED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiff's claims against Defendant United States of America are **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction. A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 8th day of March, 2019.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE